Per Curiam.

The respondent presents two objections to the board’s recommendation.
The first is that “the record clearly discloses that the solicitation was without knowledge of respondent and was unintentional. ’ ’
However, a careful study of the record fails to sustain this contention of the respondent. He asks this court to believe that the solicitation was unintentional and without his knowledge. Yet he failed to avail himself of the important opportunity to *315 take the witness chair and testify under oath to that effect or to say a word in his own defense. He asks this court to assume the duty of finding a fact which he himself refused to assert at the hearing accorded him. The carefully planned scheme is not denied, but, instead of candidly admitting his complicity in the obvious misconduct, he now asks this court to believe and find that the numerous steps taken in his own office — such as the use of printed forms, self-addressed cards, letters, dver his own signature, etc. — were perpetrated not only without his consent but even without his knowledge. To so believe and so find would necessitate an excessive drain on this court’s credulity.
The respondent’s second objection to the board’s recommendation is that the proposed indefinite suspension from the practice of law in this state is unjustified. In support of this contention this court is now asked to accept the proffer of certain statements of various individuals expressing their opinions concerning the respondent’s character and reputation. These are inadmissible at this time inasmuch as the court is considering the matter on the record made at the hearing before the panel.
Based on the record before it, this court concludes that in justice to the public and to the profession it is the court’s unpleasant but clear duty to overrule the respondent’s objections and to approve the board’s recommendation that the respondent be suspended indefinitely from the practice of law in this state.

Judgment accordingly.

Weygandt, O. J., Zimmerman, Taet, Matthias, Bell and Doyle, JJ., concur.
O’Neill, J., not participating.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Herbert, J.